EMILIA MOLLÁ DE FUSTER ET AL., Plaintiffs and Appellants, *v.* WALTER McK. JONES, Defendant and Appellee.

No. 4654. Argued June 19, 1930.—Decided March 11, 1931.

*Manuel F. Rossy* for appellants. *M. A. Martínez Dávila* and *Rincón Arroyo* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case entitled in revendication. The complaint fails to state a cause of action, inasmuch as while the defendant is said to be in wrongful possession of three described pieces of property belonging to the plaintiffs, none of these said parcels is by the complaint in any way shown to fall within the description of the principal property.

When a piece of land is sufficiently described in the complaint and the defendant is said to be in possession of the whole of it, no other identification is necessary. Where, however, the defendant is alleged to be in possession of three

described parcels of land belonging to the plaintiffs, some additional identification is necessary to show that the said three parcels fall within the principal property described. *Pérez* v. *Gerena, ante,* p. 106. We do not find that defendant in any way waived his right to insist on this deficiency. Counsel that argued the case in this court did not appear below.

Likewise the plaintiffs claim title mediately by a cession of rights and causes of action from Fuster Bros., but nothing is said or shown in the complaint to reveal a just title in said Fuster Bros. or the origin of the said title in Fuster Bros.

The appellants do not convince us from the proof that the defendant is holding any land that would fall within the bounds of the principal property described in the complaint. The careful analysis made by the appellee tends to show the contrary, especially given the fact that defendant is not shown to be in possession of any land south of the Ortiga road, natural northern boundary of plaintiffs' land.

All the land to which defendant is in possession was the subject of another suit between the same parties, as found by the court below. The appellants do not convince us to the contrary.

We incline to the view that the defendant was entitled to the defense of ordinary prescription and the court erred in not so finding. While defendant did not hold possession for more than ten years the proof tends to show that the persons from whom he derived title did so hold.

We give no greater detailed attention to this case, inasmuch as appellants have failed to comply with the rules of this court. Forty-one pages of the brief are devoted to an exposition of the pleadings, documents and oral evidence, but there is no succinct statement of the facts of the case or of the matters to be treated by the assignment of errors. There is no separate assignment of errors.

The judgment should be affirmed.